NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2624
_____

ALFRED J. PETIT-CLAIR, JR.;
MATTHEW J. PETIT-CLAIR,
                                        Appellants
v.

ATTORNEY GENERAL FOR THE STATE OF NEW JERSEY;
COMPTROLLER FOR THE STATE OF NEW JERSEY;
TREASURER FOR THE STATE OF NEW JERSEY;
CITY OF PERTH AMBOY; STATE OF NEW JERSEY;
GREGORY FEHRENBACH; JOEL PABON, SR.;
WILLIAM A. PETRICK; KENNETH BALUT; HON. WILDA DIAZ
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-14-cv-07082
District Judge: The Honorable William J. Martini

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 19, 2018

Before: SMITH, *Chief Judge*, HARDIMAN, and ROTH, *Circuit Judges*

(Opinion Filed: April 12, 2018)
_____

OPINION*
_____

SMITH, *Chief Judge.*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Two issues are raised in this appeal. First, Alfred J. Petit-Clair, Jr., ("Petit-Clair") appeals the District Court's dismissal with prejudice of his Second Amended Complaint against one of the defendants, Gregory Fehrenbach. Second, Petit-Clair and his son, Matthew J. Petit-Clair ("Matthew"), appeal the District Court's order enforcing a settlement agreement with another defendant, the City of Perth Amboy (the "City"). We will affirm the judgment of the District Court.[1]

I.

Petit-Clair's Second Amended Complaint arose from an underlying dispute with the City relating to his health benefits in retirement. That dispute centered on whether Petit-Clair's work as an attorney for the Perth Amboy Zoning Board of Adjustment was performed as a part-time employee of the City or as an independent contractor. As a part-time employee, Petit-Clair would apparently be entitled to health benefits in retirement; as an independent contractor, he would not. Upon Petit-Clair's application for retirement in 2011, the City informed him that, as an independent contractor, he would not be entitled to health benefits once he stopped working.

Petit-Clair appealed the City's determination to the New Jersey Division of Pensions and Benefits, which manages the New Jersey Public Employee Retirement System (PERS). The Division agreed with the City that Petit-Clair was an independent contractor. According to Petit-Clair's complaint, the Division made its determination based at least in part upon false information provided by Fehrenbach, the Perth Amboy city administrator,

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291.

2

to a law firm, the IRS, and PERS. With correct information, Petit-Clair believes the Division would have concluded that he was an employee.

The District Court concluded that the sections of Petit-Clair's complaint related to PERS and Fehrenbach's alleged misrepresentation did not contain a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a)(2). It therefore dismissed the claims against Fehrenbach with prejudice. We exercise plenary review over a District Court's grant of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012).

On appeal, Petit-Clair argues that his complaint sufficiently stated a claim against Fehrenbach for either fraud or negligent misrepresentation. He also argues, in the alternative, that he should be given another opportunity to amend his complaint and correct any pleading deficiencies.

In New Jersey, a cause of action for common-law fraud[2] must allege five elements: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Allstate New Jersey Ins. Co. v. Lajara*, 117 A.3d 1221, 1231 (N.J. 2015) (quoting *Banco Popular*

---

[2] Petit-Clair argues that if he has not sufficiently pleaded a claim for common-law fraud, he has at least pleaded a claim for negligent misrepresentation. Under New Jersey law, "[t]he element of reliance is the same for fraud and misrepresentation." *Kaufman v. i-Stat Corp.*, 754 A.2d 1188, 1195 (N.J. 2000). Petit-Clair's negligent misrepresentation argument fails for the same reason as his fraud argument: he has not pleaded facts sufficient to show that he, rather than PERS, was misled.

*N. Am. v. Gandi*, 876 A.2d 253, 260 (N.J. 2005)); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 317 (3d Cir. 2014).

The dispute on appeal is whether, under New Jersey law, the "other person" who relies upon the material misrepresentation may be a person other than the plaintiff. Petit-Clair argues that his complaint sufficiently pleaded common-law fraud because it alleged that PERS relied upon Fehrenbach's false statements, causing damage to Petit-Clair as a result. Fehrenbach, by contrast, argues that to be successful, any fraud claim would necessarily require Petit-Clair to plead that he himself detrimentally relied upon the false statements. Fehrenbach argues that New Jersey law does not support a common-law fraud claim based on a third party's reliance when the plaintiff himself did not rely upon the false statement.

Petit-Clair cites two cases to support his theory: *Kaufman v. i-Stat Corp.*, 754 A.2d 1188, 1195 (N.J. 2000), and *District 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 532 (D.N.J. 2011). Neither case supports Petit-Clair's argument. *Kaufman* discusses the principle of indirect reliance, in accordance with which "a plaintiff [may] prove a fraud action when he or she heard a statement not from the party that defrauded him or her but from . . . someone to whom the party communicated the false statement with the intent that the victim hear it, rely on it, and act to his or her detriment." *Kaufman*, 754 A.2d at 1195. In such cases, the plaintiff still relies upon a false statement made by the defendant. In this case, Petit-Clair was not misled; he believed Fehrenbach's statements to be false, and he had the opportunity to challenge them in proceedings before the Division of Pension and Benefits.

4

Petit-Clair's reliance on *District 1199P* is similarly unavailing. The court dismissed certain claims because the plaintiffs had not "plead[ed] a single instance in which they, themselves, [their PBMs], or any of their prescribing doctors received a misrepresentation of fact from Defendants and relied upon that misrepresentation in deciding to prescribe one of the Subject Drugs to Plaintiffs." *District 1199P*, 784 F. Supp. 2d at 532 (second alteration in original) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, No. 2:06-cv-5774, 2009 WL 2043604, at *33 (D.N.J. July 10, 2009)). Petit-Clair appears to argue that this language implies that, had a "prescribing doctor[]" rather than the plaintiff relied upon misrepresentations, the complaint would not have been dismissed. Contrary to Petit-Clair's implication, however, "a plaintiff must prove that he or she was an intended recipient of the defendant's misrepresentations," and that the plaintiff relied upon those misrepresentations. *Port Liberte Homeowners Ass'n, Inc. v. Sordoni Constr. Co.*, 924 A.2d 592, 601 (N.J. Super. Ct. App. Div. 2007); *see also In re Schering-Plough Corp.*, 2009 WL 2043604, at *33.

Petit-Clair has not presented any other authority supporting his position. Thus, we will affirm the District Court's dismissal of Petit-Clair's claims against Fehrenbach.[3]

---

[3] Petit-Clair argues that his claims should not have been dismissed with prejudice, and that he should have been granted leave to amend. We review a District Court's denial of leave to amend for abuse of discretion. *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). A District Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, it may deny leave to amend when amendment would be futile. *AstraZeneca*, 769 F.3d at 849. Petit-Clair argues that amendment would not be futile because his allegations could be supported with further factual development. Appellants' Br. 20. Nevertheless, the legal inadequacy of

5

II.

Petit-Clair, joined by his son Matthew, raises a second issue on appeal. They challenge the District Court's order enforcing their settlement agreement with the City that resolved their claim that the city marina was not in compliance with the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* The Petit-Clairs contend that the District Court erred because an enforceable settlement agreement never existed.

We review a District Court's grant of a motion to enforce a settlement *de novo*, in much the same way as we review the grant of a motion for summary judgment. *Tiernan v. Devoe*, 923 F.2d 1024, 1031–32 & n.5 (3d Cir. 1991). The movant is entitled to an order enforcing the settlement if, treating the nonmovant's assertions as true, the movant is entitled to the enforcement of the settlement as a matter of law. *Id.* at 1032. New Jersey contract law governs our interpretation of the settlement agreement. *See id.*

The Petit-Clairs do not dispute that, in November 2016, they reached an oral agreement with the City to settle the ADA claims.[4] In January 2017, the Petit-Clairs purportedly withdrew what they refer to as their "settlement offer." The following month, the City passed a formal resolution authorizing the settlement in accordance with the November agreement.

---

Petit-Clair's claim will not be fixed by additional factual development. We will affirm the dismissal of Petit-Clair's claim with prejudice. *See AstraZeneca*, 769 F.3d at 849.

[4] The parties' settlement discussions were mediated in part by the Honorable Mark Falk, United States Magistrate Judge for the District of New Jersey. App. at 140. Petit-Clair later confirmed the existence of the oral agreement in writing, in a letter to the City's counsel dated November 16, 2016. App. at 112, 141.

6

The District Court concluded, over the Petit-Clairs' objections, that the November oral agreement was enforceable, and as a consequence, the Petit-Clairs' purported revocation of their offer was ineffective.

The Petit-Clairs make three arguments on appeal. First, they argue that the November agreement was not enforceable because they withdrew from it before the City passed a formal resolution authorizing the settlement, which the Petit-Clairs view as necessary for the City to accept the agreement. Second, the Petit-Clairs argue that the formal resolution eventually passed by the City omitted a material term of the agreement, and was therefore ineffective as an acceptance. Finally, the Petit-Clairs argue that the agreement contained several conditions precedent to their performance which have not been fulfilled, and therefore they are not obligated to release their claims against the City.

As a general rule in New Jersey, "a municipal corporation may . . . deal with its contracts and adjust and settle claims against it in the same manner as a natural person." *Edelstein v. City of Asbury Park*, 143 A.2d 860, 872 (N.J. Super. Ct. App. Div. 1958). And again, generally speaking, oral agreements are enforceable even if they are not fixed in writing. *Pascarella v. Bruck*, 462 A.2d 186, 189 (N.J. Super. Ct. App. Div. 1983). The Petit-Clairs argue, however, that a municipality, unlike a natural person, may not be bound by an oral agreement, since a municipality can "only act by resolution or ordinance." *Kress v. LaVilla*, 762 A.2d 682, 687 (N.J. Super. Ct. App. Div. 2000). In the Petit-Clairs' view, the City was required to perfect its acceptance of the offer before the settlement became binding on the Petit-Clairs. The City, on the other hand, argues that the need to ratify a settlement to which counsel have agreed is "an implied condition precedent to the

7

maturation of the remaining duties under the settlement agreement." *Ostman v. St. John's Episcopal Hosp.*, 918 F. Supp. 635, 644 (E.D.N.Y. 1996).

Under New Jersey law, "terms may be implied in a contract . . . because they are necessarily involved in the contractual relationship so that the parties must have intended them and have only failed to specifically express them because of sheer inadvertence or because the term was too obvious to need expression." *Palisades Props., Inc. v. Brunetti*, 207 A.2d 522, 531 (N.J. 1965). More specifically, to find that an implied condition precedent exists, the fulfillment of that condition must have "constituted such an essential and requisite element of the agreement that its destruction or cessation demolishes the attainment of the vital and fundamental purpose of the contracting parties, not merely one or a few of a variety of their purposes." *Edwards v. Leopoldi*, 89 A.2d 264, 271 (N.J. Super. Ct. App. Div. 1952).

As the District Court found, Petit-Clair was well-aware of the City's resolution process used in approving payments of fees and settlements, and had in fact received payment from the City by that mechanism regularly in the past. App. at 141. Given the parties' familiarity with the resolution process, we conclude that the City's need to pass a resolution to authorize performance under the settlement agreement was "too obvious to need expression." *Palisades*, 207 A.2d at 531. And we have no difficulty concluding that the City's failure to pass a resolution authorizing the settlement would have "demolishe[d] the . . . fundamental purpose of the contracting parties," *Edwards*, 89 A.2d at 271, since it appears that the City could not comply with the settlement agreement without such a resolution. As a result, we conclude that the City's obligation to pass a resolution

8

authorizing the settlement was an implied condition precedent to the Petit-Clairs' performance. Ultimately, the City did pass such a resolution. App. at 120.

The Petit-Clairs next argue that the City's resolution omitted a material term of the agreement, such that it constituted a counter-offer rather than an acceptance of the Petit-Clairs' initial offer. Because we will affirm the District Court's conclusion that the settlement contract was formed at the time of the oral agreement, we need not consider this argument.[5]

Finally, the Petit-Clairs argue that several other conditions precedent were not satisfied, including the receipt of a fully executed original copy of the settlement agreement, the payment of $7,500 to the Petit-Clairs, and the execution of a consent order regarding the settlement. To the extent these conditions existed, the District Court held that they were not satisfied because the Petit-Clairs "*refused to respond*" to the City's written draft of the agreement and began insisting that there was no settlement agreement. App. at 142. We agree with the District Court. The Petit-Clairs may not escape their settlement by simply refusing to respond to the City's effort to memorialize it in writing.

We will affirm the District Court's order enforcing the settlement.

---

[5] The parties are bound by the terms of their agreement. It is that agreement, not the content of the City's resolution, that controls, and the absence of a material term from the resolution does not excuse the City from the full performance it owes the Petit-Clairs.

9